IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROGER PARKS**, Individually, and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> -against- <br><br> **FOCUS FIBER SOLUTIONS, L.L.C. BEACON ENTERPRISE GROUP, INC., CMK RESOURCE GROUP L.L.C., FOCUS VENTURE PARTNERS, L.L.C., FOCUS WIRELESS, L.L.C., JUS-COM, INC., MTD LABOR L.L.C., OPTOS CAPITAL PARTNERS L.L.C., PRO-FIBER, TLP INVESTMENTS L.L.C., ZAYO BANDWIDTH, L.L.C., ZAYO ENTERPRISE NETWORKS, L.L.C., ZAYO FIBER SOLUTIONS, L.L.C., ZAYO GROUP, INC., CHRISTOPHER FURGESON, and MICHAEL PALLESHI.** <br><br> Defendants. | Civil Action No.: 5:2013-cv-04425 <br><br> **FIRST AMENDED COMPLAINT – CLASS ACTION** <br><br> **AND JURY DEMAND** <br><br> FILED <br> SEP 23 2013 <br> MICHAEL E. KUNZ, Clerk <br> By_____ Dep. Clerk |

## COMPLAINT

1.   Plaintiff Roger Parks brings this action on behalf of himself, and the other similarly situated former employees who worked for FOCUS FIBER SOLUTIONS, L.L.C., BEACON ENTERPRISE GROUP, INC., CMK RESOURCE GROUP L.L.C., FOCUS VENTURE PARTNERS, L.L.C., FOCUS WIRELESS, L.L.C., JUS-COM, INC., MTD LABOR L.L.C., OPTOS CAPITAL PARTNERS L.L.C., PRO-FIBER, TLP INVESTMENTS L.L.C., ZAYO BANDWIDTH, L.L.C., ZAYO ENTERPRISE NETWORKS, L.L.C., ZAYO FIBER SOLUTIONS, L.L.C., ZAYO GROUP, INC., CHRISTOPHER FURGESON, and MICHAEL PALLESHI ("Defendants"), and who were ordered terminated without cause, as part of, or as the result of, mass layoffs or plant closings by Defendant on or about July 1, 2013, and within thirty (30) days of that date, who were not provided 60 days advance written notice of their

terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*

2. Plaintiff and all similarly situated employees seek to recover up to sixty (60) days wages and benefits, pursuant to 29 U.S.C. § 2104, from Defendant. Defendant is liable under the WARN Act for its failure to provide Plaintiff and the other similarly situated former employees at least sixty (60) days advance written notice of termination, as required by WARN Act.

## JURISDICTION AND VENUE

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §2104(a)(5).

4. The Plaintiff worked for Defendants at their locations in Florida and Arizona, and Defendants maintained their headquarters in this district and transacted business in this district.

5. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

6. Plaintiff Roger Parks was employed by Defendants from June 2012 until July 1, 2013 at Defendants' locations in Florida and Arizona.

7. Upon information and belief, at all relevant times, Defendants maintained and operated its business at 969 Postal Rd., Suite 100, Allentown, PA 18109 ("Pennsylvania Headquarters") and maintained and operated additional facilities, as that term is defined by the WARN Act (collectively the "Facilities"), including, but not limited to, the following locations:

    a. 88 Hickory Springs Ind. Dr., Canton, GA 30115 ("Atlanta Facility")

    b. 4647 Saucon Creek Rd., Center Valley, PA 18034 ("Center Valley Facility)

    c. 1927 Addeline St, Dallas, TX 75235 ("Dallas Facility")

    d. 3929 Niagara St., Denver, CO 80207 ("Denver Facility")

    e. 310 Alder Rd., Dover, DE 19904 ("Dover-Alder Road Facility")

    f. 15 W. Loockerman St., Dover, DE 19904 ("Dover-Lookerman Street Facility")

    g. 1866 Leithsville Rd, Hellertown, PA 18055 ("Hellertown Facility)

    h. 9130 Galleria Ct. #101, Naples, FL 34109 ("Naples Facility")

    i. 2716 Garner Rd. SW, Los Padillas, NM 87105 ("New Mexico Facility")

    j. 176 Mine Lake Ct. Ste 100, Raleigh, NC 27615 ("North Carolina Facility")

    k. 969 Postal Rd. Ste. 100, Allentown, PA 18109 ("Pennsylvania Headquarters")

    l. 12304 E. Poinsettia Dr., Scottsdale, AZ 85259 ("Scottsdale Facility")

    m. 211 S. Persimmon St. Ste 200, Tomball, TX ("Tomball Facility")

    n. 4001 N. Runway Dr., Tucson, AZ 85705 ("Tucson Facility")

8. Upon information and belief and at all relevant times, FOCUS FIBER SOLUTIONS, L.L.C. ("Focus Fiber") is a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at the Pennsylvania Headquarters Facility, and conducted business in this district.

9. Defendant JUS-COM, INC. ("Jus-Com"), a corporation organized and existing under the laws of the State of Indiana, is a division of Focus Fiber and a partner and/or successor corporation that conducted business in this district, and wrote Plaintiff and similarly situated employees' paychecks at relevant times herein.

10. FOCUS WIRELESS, L.L.C. ("Focus Wireless"), a corporation organized and existing under the laws of the State of Indiana, is a division of Focus Fiber and a partner and/or successor corporation that conducted business in this district, and wrote Plaintiff and similarly situated employees' paychecks at relevant times herein.

11. FOCUS VENTURE PARTNERS, INC. ("Focus Venture"), a corporation organized and existing under the laws of the State of Nevada, is the parent company of Defendants Focus Fiber, Jus-Com, and Focus Wireless. Focus Venture conducted business in this district, wrote Plaintiff and similarly situated employees' paychecks at relevant times herein, and had its primary place of business at the Pennsylvania Headquarters Facility.

12. BEACON ENTERPRISE SOLUTIONS GROUP, INC., ("Beacon Enterprise") a corporation organized and existing under the laws of the State of Nevada, is the parent company of Defendant Focus Venture. Beacon Enterprise is traded Over-the-Counter under the stock symbol BEAC. Beacon Enterprise's current corporate headquarters is located at 11260 Chester Rd. Ste. 350, Cincinnati, OH 45246.

13. CMK RESOURCE GROUP, L.L.C. ("CMK"), a corporation organized and existing under the laws of the State of Pennsylvania, is a partner and/or successor corporation that conducts business in this district, and at relevant times herein wrote Plaintiff and other similarly situated employees' paychecks. Defendant MTD LABOR, L.L.C. d/b/a MTD Technical ("MTD"), is a successor corporation to CMK.

14. TLP INVESTMENTS, L.L.C. ("TLP"), a corporation organized and existing under the laws of the State of Florida, is wholly owned and operated by Defendant Michael Palleschi, and is a primary investor in various Defendant corporations named above, including Beacon Enterprise, Focus Venture, Focus Wireless, Jus-Com, and Focus Fiber. TLP's corporate headquarters is currently located at 1464 Palma Blanca Ct., Naples, FL 34119.

15. OPTOS CAPITAL PARTNERS, L.L.C. ("Optos"), a corporation organized and existing under the laws of the State of Pennsylvania, is wholly owned and operated by Defendant Christopher Furgeson, and is a primary investor in various Defendant corporations named above, including Beacon Enterprise, Focus Venture, Focus Wireless, Jus-Com, and Focus Fiber.

16. Upon information and belief, Defendants MICHAEL PALLESCHI and CHRISTOPHER FURGESON operated a common-law partnership operating and running the above-described "business enterprise," as that term is used in 29 U.S.C. §2101(a)(1) of the WARN Act.

17. Upon information and belief, Defendant MICHAEL PALLESCHI co-mingled personal and business funds in operating and running a "business enterprise" as that term in used in 29 U.S.C. §2101(a)(1) of the WARN Act

18. Upon information and belief, Defendant CHRISTOPHER FURGESON co-mingled personal and business funds in operating and running a "business enterprise" as that term is used in 29 U.S.C. §2101(a)(1) of the WARN Act

19. Upon information and belief, Defendants MICHAEL PALLESCHI and CHRISTOPHER FURGESON did not observe corporate formalities among and between the above-listed corporate entities they owned and operated.

20. Upon information and belief, Defendants MICHAEL PALLESCHI and CHRISTOPHER FURGESON created numerous corporate entities and paid their employees from numerous business accounts in an effort to avoid liability, including WARN Act liability.

21. Upon information and belief, Defendants MICHAEL PALLESCHI and CHRISTOPHER FURGESON profited from these companies, taking out sums of money in excess of $100,000 each while laying off their employees.

22. ZAYO BANDWIDTH, L.L.C. ("Zayo Bandwidth"), ZAYO ENTERPRISE NETWORK, L.L.C. ("Zayo Network"), and ZAYO FIBER SOLUTIONS, L.L.C. ("Zayo Fiber"), corporations organized and existing under the laws of the State of Delaware, are partner and/or successor corporations to numerous Palleschi/Furgeson projects. Defendant ZAYO GROUP, INC. ("Zayo Group"), a Delaware corporation, is the parent company of Zayo Bandwidth, Zayo Network, and Zayo Fiber.

23. PRO-FIBER ("Pro-Fiber") is a fictitious business name used to represent the interests of CMK, MTD, Focus Fiber, Focus Wireless, Focus Venture, Beacon Enterprise, TLP, Optos, Michael Palleschi, Christopher Furgeson, Zayo Fiber, Zayo Networks, and Zayo Group working in concert. Plaintiff and other similarly situated employees received paychecks from Pro-Fiber at relevant times herein, and Defendants used the fictitious business name "Pro-Fiber" to conduct business in this district.

24. All of the corporations, entities, fictitious business names, partnerships, and individuals named herein were part of a common "business enterprise" employing Plaintiff and similarly situated individuals, as that term is used in 29 U.S.C. §2101(a)(1) of the WARN Act.

25. CMK, MTD, Focus Fiber, Focus Wireless, Focus Venture, Beacon Enterprise, TLP Optos, Zayo Fiber, Zayo Networks, Zayon Bandwidth, Zayo Group, Pro-Fiber, Michael Palleschi, and Christopher Furgeson are all henceforth referred to as "Defendants"

26. On or about June 30, 2013, Plaintiff and all similarly situated employees were employed by Defendants and worked at or reported to its Facilities in this district and throughout the United States.

27. Upon information and belief, the Defendants made the decision to terminate the employees.

28. On or about July 1, 2013, Defendants ordered the mass layoff of its employees immediately and without notice.

29. Defendants informed its employees that they were terminated when they arrived to work on July 1, 2013.

30. Defendants did not provide Plaintiff or the similarly situated employees with advance notice of their terminations that complied with the WARN Act prior to ordering the layoffs.

31. Upon information and belief, the Defendants terminated over one hundred fifty (150) employees at its Facilities on or about July 1, 2013, effective immediately.

### FEDERAL WARN CLASS ALLEGATIONS

32. Plaintiff repeats and realleges all proceeding paragraphs of the Complaint, as if fully set forth herein.

33. Plaintiff brings this action individually and on behalf of all similarly situated employees who worked at or reported to Defendants' Facilities and were ordered terminated without cause on or about July 1, 2013 effective immediately, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings

ordered by Defendant on or about July 1, 2013, and who are affected employees, within the meaning of 29 U.S. C. § 2101(a)(5).

34. The putative WARN Class is defined as follows:

    (a) All former and current employees of Defendants who were/are employed at its Facilities within the United States who did not receive notice of mass layoffs and/or plant closings in accordance with the WARN act and who were/are:

        1. Terminated without cause on or about July 1, 2013 as part of Defendants' mass layoffs,

        2. Terminated without cause within 30 days of July 1, 2013 as part of Defendants' mass layoffs, and/or

        3. Terminated without cause as a reasonably foreseeable consequence of Defendants' mass layoffs and/or plant closings.

35. The persons in the putative WARN Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, it is estimated to equal or exceed one hundred and fifty (150) persons, and the facts on which the calculation of that number can be more accurately based are presently within the sole control of the Defendants.

36. On information and belief, the rate of pay and benefits that were being paid by Defendants to the members of the putative WARN Class Members at the time of their termination is contained in the books and records of the Defendant.

37. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    (a) Whether the members of the WARN Class were employees of the Defendants who worked at or reported to Defendants' Facilities;

    (b) Whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause and without giving them 60 days advance notice in violation of the WARN Act; and

    (c) Whether Defendants unlawfully failed to pay the WARN Class members sixty (60) days wages and benefits as required by the WARN Act.

38. The Plaintiff's claim is typical of the WARN Class Members. The Plaintiff, like other WARN Class Members, worked at or reported to Defendants' Facilities and was ordered terminated without cause effective on or about July 1, 2013 due to mass layoffs and/or plant closings ordered by Defendants.

39. At all relevant times, Defendants were jointly the "employer," as that term is defined in 29 U.S.C. §2101(a)(1) and 20 C.F.R. §639(a) and continued to operate as a business until it decided to order a mass layoff and/or plant closing at its Facilities.

40. The Plaintiff will fairly and adequately protect the interests of the WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions, including employment litigation.

41. Class certification of these claims is appropriate under Fed.R. Civ.P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the friar and efficient adjudication of this litigation, particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

42. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

43. Plaintiff intends to send notice to all members of the WARN Class to the extent required and allowed by Rule 23.

## FEDERAL WARN ACT CAUSE OF ACTION

44. Plaintiff repeats and realleges all proceeding paragraphs of the Complaint, as if fully set forth herein.

45. At all relevant times, Defendant employed more than one hundred (100) employees who in the aggregate worked at least twenty (20) hours per week, exclusive of hours of overtime, within the United States.

46. At all relevant times, Defendants were jointly the "employer," as that term is defined in 29 U.S.C §2101(a)(1) and 20 C.F.R. §639(a), of Plaintiff and similarly situated former employees and continued to operate as a business until it decided to order mass layoffs or plant closings at its Facilities.

47. At all relevant times, Plaintiff and other similarly situated former employees were employees of Defendants as that term is defined by 29 U.S.C. §1201.

48. On or about July 1, 2013, Defendants ordered a mass layoff and/or plant closing at its Facilities, as that term is defined by 29 U.S.C. §2101(a)(2).

49. The mass layoffs and/or plant closings at its Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for more than thirty-three percent (33%) of Defendants' workforce at the Arizona Facility where Plaintiff worked, as well as at all of its other Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. §2101(a)(8).

50. The Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants.

51. The Plaintiff and Class Members are "affected employees" of Defendants within the meaning of 29 U.S.C. §2101(a)(5).

52. Defendants were required by the WARN Act to give the Plaintiff and Class Members at least sixty (60) days advance written notice of their termination.

53. Defendants failed to give the Plaintiff and the Class Members written notice that complied with the requirements of the WARN Act.

54. The Plaintiff is, and each of the Class Members are, "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. §2104(a)(7).

55. Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salaries, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employees benefits under ERISA, other than health insurance, for sixty (60) days from and after the dates of their respective terminations.

56. The relief sought in this proceeding is equitable in nature.

## PRAYER FOR RELIEF

57. WHEREFORE the Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief against Defendants, jointly and severally:

   A. Certification that, pursuant to Fed. R. Civ. P. 23(a) and (b) and 29 U.S.C. § 2104(a)(5), Plaintiff and the other similarly situated former employees constitute a single class;

   B. Designation of the Plaintiff as Class Representative;

   C. Incentive award for the lead Plaintiff;

   D. Appointment of the undersigned attorneys as Class Counsel;

   E. Declaratory judgment that Defendants did not give sixty (60) days notice to Plaintiff and similarly situated employees, and that they were terminated without cause or proper notice, in contravention of the WARN Act;

   F. A judgment in favor of the Plaintiff and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for sixty (60) days that would have been covered and paid under the then-applicable employee benefit plans had that

coverage continued for that period, all determined in accordance with the WARN Act 29 U.S.C. §2104(a)(1).

G. Prejudgment and postjudgment interest on all amounts owed under the preceding paragraph;

H. An accounting of the total amounts owed Plaintiff and similarly situated employees under paragraph F paid for and undertaken by Defendants.

I. Plaintiff's reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurred in prosecuting this action, as authorized by the WARN Act 29 U.S.C. §2104(a)(6).

J. Such other and further relief as this Court may deem just and proper.

Dated: September 18, 2013
Jersey City, NJ

        **JTB LAW GROUP, LLC**

        By: _____
        Jason T. Brown
        155 2nd Street, Suite 4
        Jersey City, NJ 07302
        Office: (201) 630-0000
        Fax: (855) 582-5297
        *Attorneys for Plaintiffs*