IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER PARKS, Individually, | : | CIVIL ACTION |
| and on Behalf of All Others | : | |
| Similarly Situated, | : | |
| Plaintiffs | : | |
| | : | |
| vs. | : | NO. 13-4425 |
| | : | |
| ZAYO BANDWIDTH, LLC, et al.,[1] | : | |
| Defendants | : | |

**M E M O R A N D U M**

STENGEL, J.                                      February  10, 2016

Roger Parks filed this action seeking to represent a class of former employees in asserting a claim under the federal Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §§ 2101, *et seq.*[2]  Mr. Parks brought this action against fourteen companies, and two individuals, whom the plaintiff claims were part of a

---

[1]  All but four of the defendants named in the amended complaint have settled with the plaintiff. They are Zayo Bandwidth, Zayo Enterprise Networks, Zayo Fiber Solutions, and Zayo Group (collectively referred to here as "Zayo").  Zayo indicates that Defendant Zayo Group never existed, and that Defendants Zayo Bandwidth and Zayo Fiber Solutions no longer exist and did not exist during the relevant time period indicated in the amended complaint.  Thus, technically, only Defendant Zayo Enterprise Networks remains.

[2]  The WARN Act was enacted on August 4, 1988, and became effective on February 4, 1989.  It offers protection to workers, their families and communities by requiring employers to provide notice sixty days in advance of covered plant closings and covered mass layoffs.  This notice must be provided to either affected workers or their representatives (e.g., a labor union); to the State dislocated worker unit; and to the appropriate unit of local government.  In general, employers are covered by WARN if they have 100 or more employees, not counting employees who have worked less than six months in the last twelve months and not counting employees who work an average of less than twenty hours a week.  Private, for-profit employers and private, nonprofit employers are covered, as are public and quasi-public entities which operate in a commercial context and are separately organized from the regular government.  Of course, regular Federal, State, and local government entities which provide public services are not covered.

"business enterprise" employing the plaintiff.  Zayo filed a motion to dismiss to which the plaintiff responded.  I conducted a hearing on the motion.  For the following reasons, I will grant the motion to dismiss.

## I. BACKGROUND

In his amended complaint, Mr. Parks claims that he was laid off by the defendants without proper notice in violation of the WARN Act.  He alleges that the defendants maintained and operated at least fourteen different locations spread geographically across nine states, including Arizona and Florida where the plaintiff worked; and that the defendants maintained and operated their business at their Pennsylvania headquarters. Mr. Parks insists that all of the defendants were part of a "common business enterprise employing him and similarly situated individuals," "who were ordered terminated without cause, as part of, or as the result of, mass layoffs[3]  or plant closings[4] by the defendants on or about July 1, 2013, and within thirty days of that date, who were not provided sixty days advance written notice of their terminations by defendants."

The mass layoff or plant closing is alleged to have resulted in employment losses for more than thirty-three percent of the workforce at the Arizona location, and at the defendants' other locations.  The total employment loss at all of the defendants' locations

---

[3]  A mass layoff is a reduction in force which (A) is not the result of a plant closing; and (B) results in an employment loss at a single site of employment during any thirty-day period for (i)(I) at least thirty-three percent of the employees (excluding any part-time employees); and (II) at least fifty employees (excluding any part-time employees; or (ii) at least 500 employees (excluding any part-time employees).  See 29 U.S.C. § 2101(a)(3).

[4]  A plant closing is defined in the Act as the loss of employment for at least fifty full-time employees at a single site of employment, or one or more facilities or operating units within a single site of employment, during any thirty-day period, as a result of the permanent or temporary shutdown.  See 29 U.S.C. § 2101(a)(2).

allegedly equals or exceeds 150 persons.  However, it is interesting to note that Mr. Parks does not specifically allege that the "mass layoff and/or plant closing" resulted in the employment loss of fifty or more persons at any single site of employment as required to state a claim under the WARN Act.  Mr. Parks filed this one-count complaint on his own behalf and on behalf of all others similarly situated.

## II.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleadings standards in federal actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss under Fed. R. Civ. P.12(b)(6).  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009); see also Phillips v. County of Allegheny, 515 F. 3d 224, 230 (3d Cir. 2008).

Therefore, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The court must accept all of the complaint's well-pleaded facts as true but may disregard legal conclusions.  Iqbal, 556 U.S. at 679.  Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."  Id.  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show"

such an entitlement with its facts.  Id.; see also Phillips, 515 F.3d at 234-235.  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in Twombly, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  Id. at 557.

## III.  DISCUSSION

In its motion to dismiss, Zayo argues that the amended complaint fails to state a claim under the WARN Act because its allegations amount to bare legal conclusions unsupported by any underlying facts.  Specifically, Zayo argues that:  (1) the facts are wholly insufficient to meet the "single employer" doctrine; and (2) even assuming the facts are true for purposes of a motion to dismiss, they still fail to meet the stringent standard that "mass layoffs and/or plant closings" resulted in the loss of fifty employees at a single site of employment.  I must agree.

### A.  Single Employer

Mr. Parks named two individual defendants and fourteen corporate defendants including Zayo.  He alleges that "[a]ll of the corporations, entities, fictitious business names, partnerships, and individuals named herein were part of a common 'business enterprise' employing Plaintiff and similarly situated individuals as that term is used in 29 U.S.C. § 2101(a)(1) of the WARN Act."  He further claims that "[a]t all relevant times, Defendants were jointly the 'employer,' as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order a mass layoff and/or plant closing at its Facilities."

The single employer liability test is "ultimately an inquiry into whether the two nominally separate entities operated at arm's length."  Pearson v. Component Tech. Corp., 247 F.3d 471, 495 (3d Cir. 2001).  The Third Circuit has adopted the Department of Labor's five-factor test to determine whether a lender or parent is liable with its borrower/subsidiary as a "single employer."  Pearson, 247 F.3d at 494; see also Childress v. Darby Lumber, Inc., 357 F.3d 1000, 1006 (9th Cir. 2004).  The five-factor test considers: (1) common ownership, (2) common directors and/or officers, (3) the *de facto* exercise of control, (4) unity of personnel policies emanating from a common source, and (5) the dependence of operations between the entities.  See Pearson, 247 F.3d at 495.  These five factors constitute a non-exhaustive list and the factfinder may consider other evidence of entanglement.  Id.  The standard for intercorporate liability under the WARN Act rests on whether the relevant companies become "so entangled with [one another's] affairs," id. at 491, that the separate companies "are not what they appear to be, [and] in

truth they are but divisions or departments of a single enterprise." NLRB v. Browning-Ferris Indus., of Pa., Inc., 691 F.2d 1117, 1122 (3d Cir. 1982). The necessary level of entanglement requires a plaintiff to show a "high degree of integration" and also that the entities failed to operate "at arm's length." Pearson, 247 F.2d at 505.

In Browning-Ferris, the Third Circuit held that a refuse company and a trucking company were "joint employers" within the meaning of the National Labor Relations Act, a test that parallels the Third Circuit's WARN Act requirements. Pearson, 247 F.3d at 490. The court concluded that the entities qualified as "joint employers" because (1) the two entities shared the right to hire and fire employees, (2) the refuse company established the work hours for drivers of the trucking company, (3) the refuse company provided drivers of the trucking company with the same uniforms provided to its employees, (4) the two companies together determined the drivers' compensation, and (5) the two companies shared in the day-to-day supervision of the drivers. Browning-Ferris, 691 F.2d at 1124-25.

Here, the amended complaint alleges only that Mr. Parks and those similarly situated were employed by the defendants as a "single employer," because the individual defendants created a network of "dummy corporations" and used them to play a "complex corporate shell game" in which assets and employees were moved from shell to shell, and that Zayo was part of the shell game, and a principal in Focus Venture Partners LLC, one of the record employers of the plaintiffs. Besides these bald assertions, it provides no explanation about how or where Zayo and the other defendants were acting "jointly." There is no mention of any common directors and/or officers, centralized

6

mechanisms for control, interrelated operations, or unified personnel policies that controlled all operations.  There is no allegation that Zayo was part of any contiguous operation; that it shared any sort of common management with any of the other defendants; or that Zayo produced the same products as the other defendants.  There is also no allegation that Zayo had any degree of integration, much less a "high degree of integration" and failed to operate "at arm's length" with the other defendants.  Pearson, 247 F.2d at 505.  In fact, Zayo insists that none of these allegations are present in the amended complaint because Zayo was merely a customer of one of the co-defendants, and not the employer of Mr. Parks or any others similarly situated.

Accordingly, I find that the amended complaint fails to allege sufficient facts to meet the "single employer" doctrine as required in the WARN Act.

### B.  Single Site of Employment

Mr. Parks also failed to allege an employment loss of at least fifty employees at a single site of employment.  A determination of whether notice is required under WARN depends in large part on the number of employees affected.  A covered employer must give notice if there is to be a "plant closing" that will result in the employment loss, during any thirty-day period, of fifty or more employees at a single site of employment, or one or more facilities or operating units within a single site of employment.  See 29 U.S.C. § 2101(a)(2).  A covered employer must also give notice if there is to be a "mass lay-off" that will result in an employment loss at a single site of employment during any thirty-day period for either: (a) 33% of the workforce but at least fifty employees; or (b) at least 500 employees.  See 29 U.S.C. § 2101(a)(3).  It is important to emphasize that,

under either scenario, there is a fifty employee layoff threshold at a single location before WARN notice requirements apply.

According to the WARN Act, a single site of employment is either a single location or a group of contiguous locations. <u>See</u> 20 C.F.R. § 639.3(i)(1). Groups of structures which form a campus or industrial park, or separate facilities across the street from one another may be considered a single site of employment. <u>Id.</u> Mr. Parks alleges that the defendants' employment locations were in nine different states and thirteen different cities. He does not allege, however, the existence of any common campus or industrial park as to any of the employment locations. Under those circumstances, I must agree with Zayo that different employment sites located in different states and different cities are not "facilities across the street from one another" and cannot, without more, be considered a single site of employment under the WARN Act.

In conclusion, I find that the amended complaint's failure to allege sufficient facts to meet the "single employer" doctrine as required in the WARN Act, and to allege that any single site of employment experienced employment losses of at least fifty full-time employees during the relevant thirty-day period are fatal deficiencies. Accordingly, I will grant the motion to dismiss in its entirety.

An appropriate Order follows.

8